```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ANDREENA TERRY,

    Plaintiff,

v.                                  Case No. 8:18-cv-692-T-33JSS

INTERIM HEALTHCARE
GULF COAST, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon consideration of Defendant Interim Healthcare Gulf Coast, Inc.'s Motion for More Definite Statement (Doc. # 7), filed on March 29, 2018. Plaintiff Andreena Terry filed a response in opposition on April 12, 2018. (Doc. # 14). For the following reasons, the Court denies the Motion.

## I.  **Background**

Terry began working for Interim Healthcare as a Certified Medical Coder in March of 2014. (Doc. # 2 at ¶ 9). Beginning in 2016, Terry was able to work from home. (Id. at ¶ 12). Terry was given consistent pay increases and trained on multiple job tasks. (Id. at ¶ 10, 11). In September of 2017, Terry notified her supervisor that she was pregnant and would need to take leave under

1

the Family and Medical Leave Act (FMLA) beginning in March of 2018. (Id. at ¶ 13).

In the months following her pregnancy announcement, Terry's position at Interim Healthcare changed. In early October of 2017, Terry was directed to train another employee to take over Terry's coding responsibilities a few days a week, despite that employee having no coding experience. (Id. at ¶¶ 14, 15). Later in October of 2017, about a month after her pregnancy announcement, Terry was told her hours were being dropped to 30 hours per week and she would now be a part time employee. (Id. at ¶ 16). In late December of 2017, Terry was told she needed to start reporting to work at the Clearwater office, instead of working from home. (Id. at ¶ 17). Terry asked to take the 30-hour a week position instead of the Clearwater office appointment but was told that the only alternate option was a 12-hour a week position. (Id. at ¶ 18).

Sometime after telling Interim Healthcare in December 2017 that her FMLA leave would start on February 15, 2018, the Vice President, Thomas Spellissy, "proposed" that Terry would be terminated at the end of December of 2017. (Id. at ¶ 20). Terry declined this proposal and reported for work in Clearwater on January 2, 2018, as previously instructed. (Id. at ¶ 21). On January 3, 2018, Terry was "permanently laid off" from her job at Interim Healthcare. (Id. at ¶ 22).

Thereafter, Terry filed the instant action on February 13, 2018. (Id.) The Complaint asserts two claims: FMLA interference (Count 1) and FMLA retaliation (Count 2). Interim Healthcare then filed the pending Motion, which requests a more definite statement of Terry's claims and argues the Complaint is a shotgun pleading. (Doc. # 7).

**II. Analysis**

When a complaint violates either Rule 8(a)(2) or Rule 10(b), it is "often disparagingly referred to as [a] 'shotgun pleading.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted).

"A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the party cannot reasonably respond, even with a simple denial, in good faith, without prejudice to itself." Ramirez v. FBI, No. 8:10-cv-1819-T-23-TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010). "In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a short and

3

plain statement of the claim will suffice." <u>Betencourt v. Marine Cargo Mgmt., Inc.</u>, 930 F. Supp. 606, 608 (S.D. Fla. 1996). Such a motion is "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." <u>Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship</u>, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . ."; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Weiland</u>, 792 F.3d at 1322-23.

Terry's Complaint does not fall within any of the four categories of shotgun pleadings. First, while the Complaint contains two counts, Count 2 does not adopt the allegations of Count 1. Interim Healthcare's Motion claims that the Complaint constitutes a shotgun pleading because it "relies on incorporation of the same set of allegations to support two distinct claims."

4

(Doc. # 7 at 3). But Terry has re-alleged only the factual allegations and does not reincorporate the preceding counts. (Doc. # 2 at ¶¶ 23, 29). The Eleventh Circuit has clarified that a complaint is likely a shotgun pleading when it "contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts]." Weiland, 792 F.3d at 1324. This type of pleading leads "to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). A complaint that re-alleges just the factual allegations and does not re-allege each count, like the Complaint at issue, is different from a typical shotgun pleading and should be treated as such. Weiland, 792 F.3d at 1324(holding that a complaint was not a shotgun pleading, in part because "[t]he allegations of each count are not rolled into every successive count on down the line").

Furthermore, Terry's claims of FMLA interference and retaliation require similar facts and thus can be jointly supported. Newman v. Crom Corp, No. 1:12cv126, 2012 WL 353658, at *1 (N.D. Fla. Aug. 15, 2012)(allowing plaintiff to proceed on theories of FMLA interference and retaliation with one set of allegations). To state a claim for interference under the FMLA, an employee must "demonstrate by a preponderance of the evidence that

5

[she] was entitled to the benefit denied." Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206-07 (11th Cir. 2001). To state a claim for retaliation under the FMLA, "an employee must allege that (1) [she] engaged in statutorily protected activity; (2) [she] suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." Id. at 1207.

Terry has alleged that she informed Interim Healthcare of her pregnancy and intent to take leave under the FMLA, she suffered adverse employment decisions (i.e., having her hours, work, and location changed), and the changes in her employment and ultimate termination occurred after her pregnancy announcement. (Doc. # 2 at ¶¶ 13-22). These allegations "are sufficient to state a claim for interference and retaliation under the FMLA." Harnouss v. Qualified Professional Home Health Services, Inc., No. 15-23327, 2015 WL 12778789 at *2 (S.D. Fla. Sept. 14, 2015). A typical shotgun complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996). That is not the case here. Because claims of interference and retaliation under the FMLA are supported by the same allegations, it is not difficult to ascertain which allegations support which claims for relief.

Thus, the Complaint does not fall within the first category of shotgun pleading.

Second, the Complaint contains specific factual allegations relating to the alleged FMLA violations and is not conclusory, vague, or immaterial. In Paylor, the Eleventh Circuit held that Paylor's complaint and amended complaint alleging violations of the FMLA were "almost totally useless." 748 F.3d at 1126. Paylor alleged the same violations as Terry – interference and retaliation under the FMLA. Id. But Paylor vaguely stated that the Defendant interfered with her leave and retaliated against her for attempting to exercise leave. Id. Here, Terry has alleged specific factual allegations to support her claims for interference and retaliation, including Interim Healthcare's decisions to change Terry's job responsibilities and work location, and to terminate her employment after she announced her pregnancy. (Doc. # 2 at ¶¶ 14, 16, 17, 23). Because Terry has alleged more than conclusory, vague and immaterial facts, the Complaint does not fall within the second category of shotgun pleadings.

Third, the Complaint separates into different counts each claim for relief and thus does not fall within the third category of shotgun pleading. Fourth and finally, the Complaint only asserts claims against one Defendant. Therefore, the Complaint is also not the fourth type of shotgun pleading.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Interim Healthcare Gulf Coast, Inc.'s Motion for More Definite Statement is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of April, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE